IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MOSES MOORE AND JUANITA MOORE                                         PLAINTIFFS

vs.                                                           Civil Action No. 3:04-cv-571WS

DIRECT GENERAL INSURANCE COMPANY
OF MISSISSIPPI, ET AL.                                                DEFENDANTS

**ORDER**

Before the court is defendant American Bankers Insurance Company's motion asking this court to reconsider its Order granting remand [**Docket No. 27-1**]. American Bankers claims that only recently it obtained a copy of the plaintiffs' declaration page to their insurance policy and that this declarations page constitutes new evidence supporting removal to this court. Additionally, American Bankers contends that this court gave greater weight to the plaintiffs' affidavits and less to the defendants'.

American Bankers brings its motion to reconsider pursuant to Rule 59(e) of the Federal Rule of Civil Procedure which provides that a district court may "alter or amend its judgment upon a motion filed within 10 days from entry of judgment." Under Rule 59(e), a court may reconsider manifest errors of law, manifest errors of fact or to present newly discovered evidence. *Waltman v. International Paper Company*, 875 F.2d 468, 473-474 (5th Cir. 1989). The Rule 59(e)motion, however, " 'cannot be used to raise arguments which could, and should, have been made

before the judgment issued," ' and it " 'cannot be used to argue a case under a new legal theory." ' *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

This court is not persuaded by American Bankers' contention that the declarations page, the very first page of the plaintiff's insurance policy, constitutes newly discovered evidence which was wholly unavailable to American Bankers until after this court's ruling on the motion to remand. This document was generated by the defendant Direct General Insurance Company. American Bankers has not persuaded this court that this document was wholly unavailable to it at all times prior to this court's ruling.

Regardless, American Bankers' arguments now presented differ very little from those already presented to the court. The plaintiffs claim that they sought vehicle insurance through Direct General, at an office with a Direct General Sign, from a salesperson for Direct General. The plaintiffs further contend that they sought rental automobile insurance coverage in the event of an accident and were told by the Direct General salesperson that the policy included the coverage of $25.00 per day for the use of a rental vehicle. Subsequently, the plaintiff's claims were not paid, and American Bankers contends that Direct General did not provide the rental car coverage; instead, says American Bankers, it provided this coverage. Thus, Direct General should be dismissed and removal should be found appropriate.

Certainly, this court must pierce the pleadings to determine, under controlling state law, whether the non-removing party has a valid claim against the non-diverse party. *Beck v. Texas State Board of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000), whether the court perceives an arguably reasonable basis for predicting that

state law would allow recovery in order to preclude a finding of fraudulent joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000).

At this stage of the case, this court cannot determine whether Direct General negligently failed to obtain the type insurance the plaintiff requested, or American Bankers failed to pay a valid claim, or that there is no liability at all. Under Mississippi law, an insurance agent such as Direct General has a duty to exercise reasonable diligence in obtaining a policy conforming to the request of the insured. *Ritchie v. Smith*, 311 So.2d 642, 646 (Miss. 1975). Therefore, there exists a reasonable possibility that the plaintiff can maintain a state law claim of negligence against Direct General.

Finally, this court's primary focus is on the propriety of joinder, not the merits of the case. *Smallwood v. Illinois Cent. R. Co.* 385 F.3d 568, 573 (5th Cir. 2004), *cert. den*. --- U.S. ----, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). The defendants submit the Mississippi legal principle that one who has signed a contract is presumed to have read and understood it. This being the case, says American Bankers, the declarations page shows that Direct General did not provide the coverage in question and should be dismissed from this case. As above stated, however, this court is unable to pierce the pleadings and determine conclusively that Direct General did not fail to obtain the coverage requested. So, in this court's view, the defense that the plaintiffs are presumed to have read and understood the contract could apply in favor of both Direct General and American Bankers, thereby requiring remand to state court. If a common defense is involved in a movant's fraudulent joinder argument, this court also must

3

consider if a successful outcome to the argument will result in the dismissal of all claims against all defendants.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d, at 575; *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir. 2004).  This is a reasonable possibility in the instant case.

Therefore, this court shall adhere to its prior decision to remand this case to state court.  The motion to reconsider is denied.

**SO ORDERED, this the 10th day of January, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04-cv-571WS
Order